UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



ANDRE JUSTE,

        Plaintiff,

v.

LAWRENCE J. VILARDO, JEREMIAH J. MCCARTHY, GAIL MITCHELL, U.S. ASSISTANT ATTORNEY, AND U.S. ATTORNEY, WESTERN DISTRICT OF NEW YORK,

        Defendants.

**ORDER**

6:17-CV-06842 EAW

## **INTRODUCTION**

In this action, *pro se* Plaintiff Andre Juste ("Plaintiff") seeks $40,000,000.00 in damages from United States District Judge Lawrence J. Vilardo, United States Magistrate Judge Jeremiah J. McCarthy, Assistant United States Attorney Gail Mitchell, and the Unites States Attorney's Office for the Western District of New York (collectively, "Defendants") for actions taken in handling Plaintiff's legal proceedings in the Western District of New York. (Dkt. 1). Plaintiff also seeks permission to proceed *in forma pauperis*. (Dkt. 2). For the reasons below, the Court (1) grants Plaintiff's request to proceed as a poor person; and (2) dismisses his Complaint with prejudice for failure to state a cause of action on which relief may be granted, and based on absolute judicial and prosecutorial immunity.

## DISCUSSION

### I. Standard of Review

Under 28 U.S.C. § 1915(e)(2)(B), the Court must conduct an initial screening of a *pro se* litigant's complaint and must dismiss if it is "frivolous and malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). In evaluating the Complaint, the Court must accept as true all of the factual allegations and must draw all inferences in Plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999).

While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). "Specific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (internal quotation marks and citation omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Based on the Court's evaluation of the Complaint, Plaintiff's claims must be dismissed with prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.

## II. Plaintiff Fails to State a Claim On Which Relief May Be Granted

Plaintiff, a frequent litigant who has approximately two dozen cases currently pending in this Court, has filed this action seeking money damages against two Judges who have handled his cases and the prosecutor(s) involved. Plaintiff's Complaint is difficult to comprehend. To illustrate, Plaintiff alleges as follows:

> Defendant violations violated the plaintiff's actions and proceedings to other courts, article to certain courts out of New York Jurisdiction there from prior proceeds invasion of justice breach the justice under 18 U.S.C. § 2242-2242 intentional powers of local governments to be restricted on detained the plaintiff.

(Dkt. 1 at 7). Nevertheless, the gravamen of Plaintiff's Complaint is clear: he alleges that Defendants have violated Plaintiff's constitutional rights by failing to grant his release from custody as an immigration detainee. (*Id.* at 6).

### A. Plaintiff's § 1983 Claims are Construed as Arising Under *Bivens*

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d Cir. 1997).

Defendants are officials of the federal government, and, as such, are not deemed persons acting under color of state law pursuant to § 1983. Section 1983 provides redress for individuals who have been injured by a person acting under color of state law; it does not create a cause of action against persons who act under color of federal law. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388, 398 (1971) (Harlan, J., concurring).

However, in view of Plaintiff's *pro se* status, the Court will construe his § 1983 claim against federal Defendants as an action under *Bivens*. *See Tavarez v. Reno*, 54 F.3d 109 (2d Cir. 1995).

The Court notes that, under the United States Supreme Court's recent decision in *Ziglar v. Abbassi*, 137 S. Ct. 1843 (2017), an initial question arises as to whether *Bivens* provides Plaintiff with an avenue for relief against Defendants. In *Ziglar*, the Supreme Court was called upon to answer the question whether it should extend the implied right of action recognized in *Bivens* to Muslim detainees who were detained following the September 11th terrorist attacks and allegedly mistreated and discriminated against during their detention. The claims in *Ziglar* were brought against high-level federal officials, including the former Attorney General of the United States, John Ashcroft, and former Director of the Federal Bureau of Investigation, Robert Mueller. The Court declined to extend *Bivens* to the context at issue and stated that, when determining whether to extend an implied right of action under *Bivens* to a "new context,"[1] courts must be hesitant and

---

[1] The Supreme Court has extended *Bivens* in only two circumstances. *See Davis v. Passman*, 442 U.S. 228 (1979), and *Carlson v. Green*, 446 U.S. 14 (1980). *Bivens* itself involved an alleged Fourth Amendment violation alleging an unlawful search and seizure by agents of the Federal Bureau of Narcotics. The Court for the first time recognized an implied right of action under the Constitution against federal officials and held that a cause of action under the Fourth Amendment could be brought against agents of the federal government. *Davis* involved an allegation that the defendant, a United States Congressman, fired the plaintiff, a Deputy Administrative Assistant, based on her gender. The Court held that a cause of action for damages under the Fifth Amendment alleging sex discrimination could be stated. *Davis*, 442 U.S. at 246-49. *Carlson* involved a claim that the plaintiff's son suffered personal injuries at the hand of federal prison officials that led to his death. The Court allowed an Eighth Amendment claim to proceed against the federal prison officials sued. *Carlson*, 446 U.S. at 24-25

consider whether there are "special factors counseling hesitation in the absence of affirmative action by Congress." *Id.* at 1857 (internal quotations and citations omitted).

Plaintiff's claims herein clearly would extend *Bivens* to a "new context." However, whether "special factors" caution against extending *Bivens* in this context is an issue that should not be decided upon screening of a complaint pursuant to § 1915(e)(2)(B) and without briefing by the parties upon either a motion to dismiss or for summary judgment. Therefore, for purposes of screening only, the Court assumes *arguendo* a remedy under *Bivens* is available to Plaintiff in this action.

## B. Absolute Judicial Immunity Bars Plaintiff's Claims Against Judge Vilardo and Magistrate Judge McCarthy

Judges are absolutely immune from suit for any actions taken within the scope of their judicial responsibilities. *See, e.g., Mireles v. Waco*, 502 U.S. 9 (1991). Allegations that the judge acted in bad faith or with malice (which are not present here) do not pierce the protection of immunity. *Pierson v. Ray*, 386 U.S. 547, 554 (1967). The Supreme Court has expressly applied the doctrine of judicial immunity to actions brought pursuant to § 1983. *See Pierson*, 386 U.S. at 547; *see also Butz v. Economou*, 438 U.S. 478, 504 (1978) (no distinction for purposes of immunity between *Bivens* and § 1983 claims).

The Supreme Court has developed a two-part test for determining whether a judge is entitled to absolute immunity. *See Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978). First, "[a] judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Id.* at 356-57 (quoting

*Bradley*, 80 U.S. (13 Wall.) at 351); *see also Maestri v. Jutkofsky*, 860 F.2d 50 (2d Cir. 1988) (finding no immunity where town justice issued arrest warrant for conduct which took place within neither his town nor an adjacent town, thereby acting in the absence of all jurisdiction). Here, Plaintiff makes no allegation that either Judge Vilardo or Magistrate Judge McCarthy acted in the clear absence of all jurisdiction; moreover, any such allegation would not be plausible given the nature of the complained-of actions.

Second, a judge is immune for actions performed in his judicial capacity. *C.f., e.g., Gregory v. Thompson*, 500 F.2d 59, 62 (9th Cir. 1974) (finding no immunity where judge assaulted litigant). Plaintiff complains of precisely that: actions that Judge Vilardo and Judge McCarthy performed in their judicial capacities.

Therefore, absolute judicial immunity bars Plaintiff's claims against Judge Vilardo and Magistrate Judge McCarthy. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.*, 106 F.3d 11, 18 (2d Cir. 1997) (leave to amend need not be granted, however, where amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend."). Plaintiff's claims against Judge Vilardo and Magistrate Judge McCarthy must be dismissed with prejudice.

C.   **Prosecutorial Immunity Bars Plaintiff's Claims Against AUSA Mitchell**

Plaintiff also names Gail Mitchell, Assistant United States Attorney, as a defendant. In addition to judges, prosecutors performing traditional prosecutorial activities are given absolute immunity in § 1983 suits and *Bivens* suits. *See Imbler v. Pachtman*, 424 U.S. 409, 427-28 (1976). "The absolute immunity accorded to government prosecutors encompasses

not only their conduct of trials but all of their activities that can fairly be characterized as closely associated with the conduct of litigation or potential litigation. . . ." *Barrett v. United States*, 798 F.2d 565, 571-72 (2d Cir. 1986). "[I]t is settled law that administrative judges and agency prosecutors are shielded by absolute immunity from claims arising from quasi-judicial administrative proceedings." *Herbst v. U.S. I.N.S.*, 98 CIV. 5533 (LMM), 1999 WL 1052461, at *6 (S.D.N.Y. Nov. 19, 1999). Plaintiff claims that Defendants failed to follow procedure and "wrongful[ly] violated the plaintiff's constitutional rights" by refusing to release him from custody. (Dkt. 1 at 11). To the extent that Plaintiff has made any claims against Defendant Mitchell, they clearly relate to actions she allegedly took as the prosecutor in Plaintiff's immigration matter, and, as such, the actions are "closely associated with the conduct of litigation or potential litigation." *Barrett*, 798 F.2d at 571-72. Therefore, all claims against Defendant Mitchell also must be dismissed with prejudice.

### D. Plaintiff's Claim Against the United States Attorney for the Western District of New York is Not Cognizable

Plaintiff's claim against the United States Attorney for the Western District of New York, which the Court construes as brought against the agency, is also without legal foundation. In *Bivens,* the Supreme Court recognized that certain circumstances may give rise to a private cause of action against federal officials that is comparable to the statutory cause of action permitted against state officials by § 1983. However, *Bivens* claims are available only against federal government officers in their individual capacities. The federal government itself and its agencies are immune from suit absent a waiver of

sovereign immunity, and the Supreme Court has specifically declined to waive such immunity to allow a claim against a federal agency under *Bivens*. *F.D.I.C. v. Meyer*, 510 U.S. 471, 475, 486 (1994). Even if the Court construed this claim as against the United States Attorney in his individual capacity, it, too, would be barred by the doctrine of prosecutorial immunity. Accordingly, Plaintiff's claims against the United States Attorney for the Western District of New York are also dismissed with prejudice.

## ORDER

IT HEREBY IS ORDERED, that Plaintiff's application to proceed in forma pauperis is granted; [2]

FURTHER, that the Complaint is dismissed with prejudice for failure to state a claim on which relief may be granted and based on absolute judicial and prosecutorial immunity;

FURTHER, that the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

---

[2] Because Plaintiff is an immigration detainee, the Prisoner Litigation Reform Act—specifically, 28 U.S.C. § 1915(a)(2), (b), and (g), and § 1915A—does not apply to him. *Ramos v. Winiewicz*, No. 12–CV–0157M, 2012 WL 1044530, at 1, n.1 (W.D.N.Y., March 23, 2012) (citing *Tavares v. Attorney General, United States*, 211 F. App'x 27 n.2 (3d Cir. 2007)).

SO ORDERED.

_____
ELIZABETH A. WOLFORD
United States District Judge

Dated: January 11, 2018
      Rochester, New York